KRISTINA S. HOLMAN #3742
1100 East Bridger Ave.
Las Vegas, Nevada 89101
Tel: (702) 614-4777
Fax: (702) 255-4779
email: kholmanlaw@gmail.com
Attorney for Plaintiff,
ANNA STROBEL

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANNA STROBEL,<br><br>             Plaintiff,<br><br>vs.<br><br>HARRAH'S ENTERTAINMENT, INC.,<br>a Nevada corporation; ROE CORPORA-<br>TIONS I through X, inclusive; and DOES I<br>through X, inclusive,<br><br>             Defendants. | **PLAINTIFF'S COMPLAINT**<br>**(Jury Demanded)** |

COMES NOW PLAINTIFF, ANNA STROBEL, and complains of Defendant, HARRAH'S ENTERTAINMENT, INC. (hereinafter "Defendant" or "Harrah's"), as follows:

## JURISDICTION AND VENUE

1.     This is a civil action for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff, Anna Strobel. This action comes under a variety of state and federal statutes prohibiting discrimination and to secure the protection of and to redress deprivation of rights under these laws and related tort claims.

2.     Plaintiff's ("Ms. Strobel," or "Plaintiff") statutory claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1991, ("1991 Civil Rights Act"); and, the Nevada anti-discrimination statute, N.R.S. § 613.310 *et seq.*

3.     Plaintiff Ms. Strobel's statutory claims also arise under the Fair Labor Standards Act of 1938, 52 Stat.1060; 29 U.S.C. § 201 *et seq.*, as amended by the Equal Pay Act (EPA), 77 Stat. 56; 29 U.S.C. § 206(d) as she received less pay than similarly situated male employees to perform the same jobs and responsibilities, as well as having obtained comparable seniority.

1

4.     This action includes claims arising under the laws of the State of Nevada which are joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. § 1367(a). Ms. Strobel, the Plaintiff, asserts she was harassed, treated differently, and subjected to a hostile work environment, which resulted in her constructive discharge from her employment, because of her sex.

5.     Ms. Strobel filed her Charge of Discrimination with the Nevada Equal Rights Commission (NERC) and the U.S. Equal Employment Opportunity Commission (EEOC) and signed her Charge of Discrimination on December 21, 2007, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. On or about May 30, 2009, Ms. Strobel received a copy of the "Right to Sue" notice dated May 28, 2009 based upon the charge, and therefore fulfilled all jurisdictional requirements for the filing of this suit.

6.     Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

**THE PARTIES**

7.     Plaintiff, Ms. Strobel, at all times relevant to this Complaint, is a resident of Clark County, Nevada and at all times herein was employed by the Defendant, Harrah's, from July 1, 1988 through November 28, 2007, her latest job title IT Support Specialist.

8.     Defendant Harrah's is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended. Harrah's was engaged in an industry affecting commerce or in the production of goods for commerce. It is unclear whether or not Harrah's is licensed to do business in Clark County, Nevada. The unlawful employment practices stated below were committed within the State of Nevada.

9.     As an employer in Nevada with over 15 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, Harrah's is required to comply with all state and federal statutes which prohibit harassment, discrimination and retaliation because of sex.

10.     DOE Defendants I through X, inclusive, and ROE CORPORATIONS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants, or who may be individual officers or employees of the named Defendants. The true identities of the DOE Defendants and ROE

1   CORPORATIONS are unknown to Plaintiff at this time. Plaintiff Ms. Strobel therefore alleges that

2   DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, may be responsible in part for the

3   damages or injuries suffered by Plaintiff Ms. Strobel as a result of their own wrongful actions and/or

4   those of their agents and/or employees. Plaintiff Ms. Strobel will seek leave to amend this Complaint

5   as soon as the true identities of DOE and ROE Defendants I-X, inclusive, are revealed to Plaintiff Ms.

6   Strobel.

7                                                        **FACTS**

8            11.     Ms. Strobel was hired by Harrah's to work at the Imperial Palace as an AS/400 Console

9   Operator on July 1, 1988. She was a skilled and conscientious worker, was excellent at her job, and

10  received many positive work evaluations and accolades. On or about January 2000, Harrah's promoted

11  her to the position of PC Support Specialist.

12           12.     However, during the 19 years she worked for Harrah's at the Imperial Palace (which was

13  purchased by Harrah's Entertainment in or about December 2005), Ms. Strobel observed that her

14  supervisor, Roy Collins, made it obvious that he favored the male employees. He offered the men public

15  praise and support, called them affectionate names like "son," and consistently promoted them over the

16  female employees, including Ms. Strobel.

17           13.     In addition, the Imperial Palace paid for the computer classes for male employees and

18  then promoted them with large pay raises. However, the Imperial Palace did not pay for the females'

19  computer classes nor promoted them nor gave them comparable pay raises for the same positions as the

20  men. Ms. Strobel states that several female employees quit as a result of the unfair practices and

21  discrimination against them.

22           14.     In or about April 2001, Harrah's hired Jose "Tony" Chavez, one of the male employees

23  Mr. Collins affectionately called "son." Mr. Chavez soon made it clear he preferred working with male

24  employees and commented to another female employee that "Women belong at home, not in the work

25  place." He often spoke in a condescending manner to female employees including Ms. Strobel, and

26  wrote Ms. Strobel up on several occasions for minor infractions that should have simply been discussed

27  with her in keeping with company policy. Mr. Chavez also took away Ms. Strobel's security

28  ///

                                                         3

1   authorization. Several employees stated that they could not understand why Mr. Collins and Mr. Chavez

2   had not given Ms. Strobel administrative rights as she had seniority and was a highly skilled technician.

3       15.    Ms. Strobel continued to address the obvious inequities and discrimination against her

4   and reported her complaints to Director of Human Resources, Rich Danzak, beginning in or about July

5   2003. She found that not only was nothing done but the discrimination escalated.

6       16.    Ms. Strobel also reported her complaints to Director of Finance, Craig Hawkins, who was

7   Mr. Collins' supervisor, and learned that each time she spoke to Mr. Hawkins he would immediately tell

8   Mr. Collins the details of her complaints. As a result, the harassment and discrimination became worse.

9   Examples of Mr. Collins' harassment include but are not limited to the following:

10      • He would frequently yell at Ms. Strobel in front of other employees for no apparent reason.

11      • He called Ms. Strobel's work area "the kitchen."

12      • He introduced Ms. Strobel as "the person who makes the coffee."

13      • When Ms. Strobel took sick time off work to recover from a miscarriage, he told all of Ms.

14   Strobel's co-workers in the computer room words to the effect, "Anna's not here today because she got

15   herself knocked up and had to go to the doctor."

16      • He stated that "women are only good for one thing and that's laying there with their legs

17   spread."

18      • He referred to Ms. Strobel as a "dumb blonde."

19      • Ms. Strobel was excluded from staff meetings and computer projects.

20      17.    As a result of the ongoing harassment and discrimination, Ms. Strobel suffered mentally,

21   emotionally and physically, as she often couldn't sleep, and was in a constant state of anxiety,

22   frustration, embarrassment, humiliation and anger. It seemed that in spite of all her reasonable attempts

23   to seek a remedy to the situation, Harrah's did nothing to stop the harassment and discrimination and

24   allowed it to escalate.

25      18.    In or about August 2007, Harrah's transferred Ms. Strobel to the Paris Hotel & Casino.

26   A few months prior to her transfer, Ms. Strobel had several conversations with Phil Andersen, Senior

27   Network Administrator at Bally'/Paris. Mr. Anderson arranged a meeting on August 10, 2007 between

28   Ms. Strobel and Marlene Stickney, the IT Manager at Balley's/Paris. When Ms. Strobel described some

1 | of the incidents of sexual harassment she was enduring at the Imperial Palace, Ms. Stickney's response
2 | was words to the effect, "that's just the good ol' boys' network."

3 |     19.    On or about August 30, 2007, Ms. Strobel sent a letter to Lisa Krasn, Manager of Hotel
4 | Operations at the Imperial Palace, describing in detail the incidents of sexual harassment to which she
5 | had been subjected for so many years.

6 |     20.    On or about September 3, 2007, Ms. Strobel was promoted to IT Support Specialist at
7 | Bally's/Paris but was not given a pay raise that was commensurate with the promotion. She was finally
8 | given administrative rights which had been denied her all the years she worked at the Imperial Palace.
9 | Essentially, Harrah's only attempt at a solution to the discrimination was to transfer Ms. Strobel to
10 | Bally's/Paris.

11 |     21.    However, due to the demand by some of her co-workers at the Imperial Palace that they
12 | wanted her back, and because there was a computer conversion for which  Ms. Strobel's skills were
13 | required, Harrah's informed Ms. Strobel that she would have to go back to the Imperial Palace and work
14 | for at least a week until the conversion was completed. Ms. Strobel felt there was absolutely no way she
15 | could subject herself to the extreme harassment and discrimination that she had endured for years at the
16 | Imperial Palace at the hands of Mr. Collins and some of the other supervisors. On or about November
17 | 28, 2007, Ms. Strobel submitted her resignation. Her last day of work was December 1, 2007.

### FIRST CAUSE OF ACTION
#### *Sex Discrimination Under State and Federal*
#### *Anti-Discrimination Statutes*

20 |     22.    Plaintiff, Ms. Strobel, repleads and realleges and incorporates herein by reference each
21 | and every allegation contained in paragraphs 1 through 21 above as if fully set forth.

22 |     23.    Defendant Harrah's was aware of the conduct of its management employees and/or
23 | employees in engaging in harassing or discriminatory conduct toward Ms. Strobel.

24 |     24.    Defendant Harrah's, as an employer, knew or should have known of its long-standing
25 | obligation to maintain a workplace free of harassment and discrimination based on sex.

26 |     25.    Defendant Harrah's failed to take reasonably adequate steps to prevent sex discrimination
27 | and harassment in its workplace.

28 | ///

26.     Defendant Harrah's failed to institute effective institutional policies to remedy complaints about conduct which might constitute discrimination based on sex, including harassment and discrimination.

27.     Defendant Harrah's discriminated against Ms. Strobel based on her sex in that she was subjected to different terms and conditions of employment and was subjected to harassment in the form of (including but not limited to) sexist comments, discrimination based upon her sex, escalating the harassment and discrimination after she complained to management, and failure to promote and provide equal pay for equal work performed by other similarly situated male employees.

28.     Ms. Strobel has suffered serious mental and emotional distress as result of this unlawful discrimination.

29.     The above-described acts of Harrah's are wanton, willful, malicious and done with a conscious disregard for Ms. Strobel's federally protected rights. Ms. Strobel has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

30.     It has been necessary for Ms. Strobel to retain the services of an attorney and she should be compensated therefor.

## SECOND CAUSE OF ACTION

### *Retaliation*

31.     Plaintiff Ms. Strobel repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 30 above as if fully set forth.

32.     After Plaintiff Ms. Strobel reported the acts of sexual harassment to Defendant Harrah's, Defendant Harrah's continued to harass and discriminate against Plaintiff Ms. Strobel, and treat her differently than other similarly situated employees, including but not limited to Defendant Supervisor Mr. Collins escalating his verbal harassment and discrimination each time Ms. Strobel reported her complaints to management.

33.     Defendant Harrah's knew or should have known of its obligation to refrain from and prevent retaliatory acts against Plaintiff Ms. Strobel and Harrah's failed to do so.

///

///

6

1    34.    Defendant Harrah's failed to take immediate corrective action when it learned that
2  Plaintiff Ms. Strobel had suffered acts of discrimination and retaliation by employees of Defendant
3  Harrah's.

4    35.    The above-described acts of Defendant Harrah's are wanton, willful, malicious and done
5  with a conscious disregard for Plaintiff's federally protected rights. Plaintiff Ms. Strobel has suffered
6  financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

7    36.    It has been necessary for Plaintiff Ms. Strobel to retain the services of an attorney and she
8  should be compensated therefor.

9                                    **THIRD CAUSE OF ACTION**
                                   *Failure to Pay Equal Compensation*
10                                 *Under The Equal Pay Act (EPA)*

11    37.    Plaintiff Ms. Strobel repleads and realleges and incorporates herein by reference each and
12  every allegation contained in Paragraphs 1 through 36 above as if fully set forth.

13    38.    That pursuant to the Fair Labor Standards Act of 1938, 52 Stat.1060; 29 U.S.C. § 201 *et*
14  *seq*., as amended by the Equal Pay Act (EPA), 77 Stat. 56; 29 U.S.C. § 206(d), Defendant Harrah's is
15  prohibited to engage in sex-based wage discrimination between men and women.

16    39.    Defendant Harrah's knew or should have known of its obligation to refrain from and
17  prevent sex-based wage discrimination, yet it failed to pay Plaintiff Ms. Strobel a salary commensurate
18  with her seniority, her position and her skills, efforts and responsibilities.

19    40.    On September 3, 2007, when Ms. Strobel was promoted to IT Support Specialist at
20  Bally's/Paris, she was not given a pay raise that was commensurate with the promotion and for which
21  other similarly-situated male employees were being paid.  In addition, throughout her tenure with
22  Harrah's, Ms. Strobel had been denied administrative rights, which was commensurate with her seniority
23  and position and which other similarly situated male employees had been given.  Harrah's did not give
24  administrative rights to Ms. Strobel until September 3, 2007.

25    41.    Defendant Harrah's failed to take immediate corrective action when it learned that
26  Plaintiff Ms. Strobel had suffered acts of sex-based wage discrimination.

27    42.    The above-described acts of Defendant Harrah's are wanton, willful, malicious and done
28  with a conscious disregard for Plaintiff's federally protected rights. Plaintiff Ms. Strobel has suffered

7

1    financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

2      43.    It has been necessary for Plaintiff Ms. Strobel to retain the services of an attorney and she

3    should be compensated therefor.

4                  **FOURTH CAUSE OF ACTION**

5                     *Constructive Discharge*

6      44.    Plaintiff Ms. Strobel repleads and realleges and incorporates herein by reference each and

7    every allegation contained in Paragraphs 1 through 43 above as if fully set forth.

8      45.    Plaintiff Ms. Strobel was subjected to sexual harassment and discrimination, retaliation

9    and intimidation, which was so intense and pervasive as to constitute a hostile, discriminatory,

10    oppressive work environment. In addition, when Plaintiff Ms. Strobel complained, the hostility

11    intensified and retaliation occurred to the point that Plaintiff Ms. Strobel was no longer able to remain

12    in the employ of Harrah's.

13      46.    Any reasonable person in the place of Plaintiff Ms. Strobel who had been subjected to

14    this conduct and Harrah's's failure to prevent or remedy same, would have felt forced to resign.

15      47.    Plaintiff Ms. Strobel ultimately resigned her position at Harrah's as a result of the

16    intolerable, discriminatory and retaliatory conditions at Defendant Harrah's.

17      48.    As a result of the foregoing conduct, Plaintiff Ms. Strobel has been harmed and has

18    suffered damages, both economically and emotionally, and is entitled to be fully compensated therefor.

19      49.    It has been necessary for Ms. Strobel to retain the services of an attorney and she should

20    be compensated therefor.

21                    **FIFTH CAUSE OF ACTION**

22            *Intentional Infliction of Emotional Distress*

23      50.    Plaintiff Ms. Strobel repleads and realleges and incorporates herein by reference each and

24    every allegation contained in paragraphs 1 through 49 above as if fully set forth.

25      51.    The aforementioned actions of the Defendant Harrah's, in addition to being illegal,

26    constitute extreme and outrageous conduct and were performed with the intent or reasonable knowledge

27    or reckless disregard that such actions would cause severe emotional harm and distress to Plaintiff Ms.

28    Strobel, and did in fact cause such harm.

52.     The other Defendants (Defendants Doe/Roe) authorized and/or ratified the conduct of Defendants by failing to take measures to prevent further recurrences.

53.     The aforementioned conduct of the other Defendants is extreme and outrageous and was performed with the intent or reasonable knowledge or reckless disregard that such actions would cause severe emotional harm to the Plaintiff Ms. Strobel, and did in fact cause such harm.

54.     As a result, Plaintiff Ms. Strobel has suffered damages and she is entitled to recover compensatory and punitive damages related thereto.

55.     It has been necessary for Plaintiff Ms. Strobel to retain the services of an attorney and she should be compensated therefor.

## SIXTH CAUSE OF ACTION

### *Negligent Infliction of Emotional Distress*

56.     Plaintiff Ms. Strobel repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 55 above as if fully set forth.

57.     Defendant Harrah's owed a duty to exercise due care not to subject Plaintiff Ms. Strobel to foreseeable risk of mental, emotional, and/or physical injury, and Defendant Harrah's knew or reasonably should have known that such acts and/or omissions of Defendant as herein alleged, were likely to result in mental, emotional and/or physical injury to Plaintiff Ms. Strobel.

58.     Defendant Harrah's, while engaging in the aforementioned conduct, did negligently inflict extreme mental and emotional distress, indignity, embarrassment, and humiliation upon Plaintiff Ms. Strobel.

59.     As a direct and proximate result of the Defendant Harrah's' negligent infliction of such emotional distress, Plaintiff Ms. Strobel has suffered damages and she is entitled to recover compensatory damages and other damages related thereto.

60.     It has been necessary for Plaintiff Ms. Strobel to retain the services of an attorney and she should be compensated therefor.

///

///

///

9

## SEVENTH CAUSE OF ACTION

### *Injunctive Relief*

61.     Plaintiff Ms. Strobel repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 60 above as if fully set forth.

62.     That pursuant to 42 U.S.C. § 2000e-2 *et seq*., Plaintiff Ms. Strobel seeks injunctive relief requiring that Harrah's correct its past discriminatory practices and take appropriate steps to ensure that all employees are afforded a workplace free of unlawful sex discrimination, including sexual harassment.

63.     Plaintiff Ms. Strobel seeks injunctive relief from this Court requiring Harrah's to take all steps necessary to evaluate the existence of conduct in its workplace which might constitute discrimination and institute effective educational and prevention programs to prevent or remedy conduct which might constitute sex discrimination;  and to take appropriate disciplinary action against all employees who participated in, tolerated or failed to act to prevent, stop or remedy the acts of sex discrimination against Plaintiff Ms. Strobel.

64.     The above-described acts of Defendant Harrah's are wanton, willful, malicious and done with a conscious disregard for Plaintiff's federally protected rights. Plaintiff Ms. Strobel has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

WHEREFORE, Plaintiff Anna Strobel prays for the following relief:

1.     A trial by jury on all issues;

2.     All employment-related losses including but not limited to back pay, front pay, benefits, and commissions subject to proof;

3.     All compensatory, special and general damages allowed by law;

4.     Injunctive relief as set forth above;

5.     Attorneys' fees and costs of suit incurred herein;

6.     Prejudgment interest;

7.     Punitive damages in an amount sufficient to punish and deter Defendant from engaging in any such conduct in the future and as an example to other employers not to engage in such conduct;  and

///

8.     For such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 26th day of August, 2009.

By: _____
KRISTINA S. HOLMAN #3742
1100 East Bridger Ave.,
Las Vegas, Nevada 89101
Tel: (702) 614-4777
Fax: (702) 255-4779
email: kholmanlaw@gmail.com
Attorney for Plaintiff,
ANNA STROBEL

W:\Strobel, Anna\Pleadings\complaint.08.26.09.wpd

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | 1221-07-0896L |
| [X] EEOC | 34B-2008-00479 |

## Nevada Equal Rights Commission

*State or local Agency, if any* and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Anna Strobel** | **(702)** ▇▇▇▇▇ | ▇▇▇▇▇ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▇▇▇▇▇ | **N Las Vegas, NV** ▇▇ |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **IMPERIAL PALACE** | **500 or More** | **(702) 731-3311** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3535 S. Las Vegas Blvd.** | **Las Vegas, NV 89104** |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [ ] DISABILITY   [X] OTHER *(Specify below.)*
**Equal Pay Act**

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **02-05-2007** | **11-29-2007** |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I believe I was discriminated against due by Roy Collins, Director of IT; Craig Hawkins, Director of Finance; and Marlene Stickney, Director of IT at Bally's and Paris, due to my sex, female and was retaliated against. I was subjected to different terms and conditions of employment, a hostile work environment, not compensated equally, not promoted and constructively discharged my position. I filed my complaint with the Nevada Equal Rights Commission on December 3, 2007.

On or about July 1, 2007, I was hired and was employed as a PC Specialist at the time of harm.

The discrimination started on or about August 1, 2001, when Mr. Collins, hired Tony Chavez as the Network Administrator. I was the only female in the IT department. During this time I did not have Administrative Rights but the males in my same position did have these rights. Human Resources told me that I did not need these rights. Mr. Collins allowed the males to go to school when they requested it. He changed passwords on me. I received the lowest evaluations. He did a lot of things to get me mad and make me want to quit. He has introduced me as "This is Anna, she makes the coffee." When the Network Administrator Assistant position came up, Mr. Collins said I could not have the position because I have not taken classes. Mr. Collins would exclude me from IT meetings and special projects.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Dec 21, 2007** _____ Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 12219070896L |
| | [X] EEOC | 34B-2008-00479 |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In February 2007, Mr. Hawkins requested a $2.00 increase in the salary of a new male employee to get him to 18.00. I was getting paid $18.82 at the time and had been with the casino for 18 years. On the memo he stated that the only reason I was making this money was because I was a long-term employee. He also stated since I was on the point system I would hang myself. In addition, other males would also receive big raises.

I complained several times to Human Resources but my issues were not resolved. I also complained toms. Stickney. Ms. Stickney's response was "That's the old networking boys."

When I came back from vacation in August 2007, Ms. Stickney came to see me and told me that it would be my last week at the Imperial Palace. After 19 years, I did not want to leave. I wanted Ms. Stickney to take care of the problem. I believe that I was retaliated against for complaining to Ms. Stickney. Chris Tempo was assigned to my position but with a promotion from PC Specialist II to PC Specialist III. I left the Imperial Palace working from 8 hour days from 8 am to 4 pm, having weekends and holidays off, and making 19.38 an hour to working weekends, having different schedules, working 9 hours plus a day and making $19.33 an hour (5 cents less).

On or about November 28, 2007, I gave my resignation to Ms. Stickney effective December 1, 2007. I was forced to resign because Ms. Stickney wanted me to go back to Imperial Palace for one week and work with Mr., Collins.

I believe I was discriminated against due to my sex and retaliated against in violation of the Equal Pay Act, Title VII of the Civil Rights Act of 1964, as amended, and Nevada State Law.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Dec 21, 2007** _____ Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |